# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRUCE COLDIRON,

    Plaintiff

    v.                                               C-1-08-388

COMMISSIONER OF SOCIAL SECURITY,

    Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 9) and plaintiff's objections (doc. no. 10). The Magistrate Judge recommended that the decision of the Commissioner be **AFFIRMED** and the case be terminated on the docket of the Court.

I.

Plaintiff was born in 1954 and was 48 years old on his alleged onset date of disability and 52 years old at the time of the ALJ hearing. Plaintiff has a twelfth grade education and past work experience as an emboss operator, machine operator, factory worker, CDL driver and pizza deliverer. Plaintiff filed an application for DIB in January, 2004 alleging an onset of disability of August 1, 2003 due to obesity, bilateral shoulder

**AC joint arthritis and history of rotator cuff repair, knee problems, diabetes, lung disease, obstructive sleep apnea, heart failure, degenerative lumbar disc disease and depression. Plaintiff's application was denied initially and upon reconsideration. Plaintiff then requested and was granted a *de novo* hearing before an Administrative Law Judge (ALJ). Plaintiff, who was represented by counsel, appeared at a hearing before ALJ Larry Temin at which a Vocational Expert (VE) appeared and testified.**

**On November 13, 2006, the ALJ issued a decision granting in part and denying in part plaintiff's DIB application. The ALJ determined that plaintiff suffers from severe impairments of obesity, diabetes, mild restrictive lung defect, obstructive sleep apnea, right-sided heart failure, degenerative lumbar disc disease (status post surgery in December 1994), bilateral shoulder AC joint arthritis and history of rotator cuff tear (status post surgeries in August 2003 and March 2004), bilateral knee osteoarthritis (status post right knee surgery in December 2005), and depression, but that such impairments do not individually or in combination meet or equal the Listing of Impairments. According to the**

ALJ, plaintiff retains the residual functional capacity (RFC) for a range of sedentary work: due to his combined physical impairments, he can lift/carry and push/pull up to 10 pounds occasionally and 5 pounds frequently; he can stand and/or walk a total of 2 hours (15 minutes at a time, then he must be able to sit for 2-3 minutes) and sit a total of 8 hours (one hour at a time, then he must be able to stand for 2-3 minutes); no kneeling, crouching, crawling, climbing ladders, ropes and scaffolds, or working in unprotected heights; only occasional stooping, climbing ramps and stairs or reaching above shoulder level with either upper extremity; and no concentrated exposure to fumes, noxious odors, dust and gases. The ALJ found that plaintiff is unable to remember or carry out detailed instructions as a result of his depression. The ALJ determined that plaintiff's testimony was partially credible, but not to the extent of showing disabling pain or an inability to sustain even sedentary work. The ALJ determined that plaintiff could not perform his past relevant work, but based on the vocational expert's testimony, could perform other jobs that exist in significant numbers in the national economy prior to turning age 50. As of November 11, 2004, the day before his 50th

birthday, plaintiff was considered to be a person "closely approaching advanced age" and "disabled" based on the grid for sedentary work. Consequently, the ALJ concluded that plaintiff is not disabled under the Act from his alleged onset date until November 11, 2004, but entitled to disability benefits as of November 11, 2004. The Appeals Council denied plaintiff's request for review of the ALJ's finding of nondisability prior to November 11, 2004, making the decision of the ALJ the final administrative decision of the Commissioner.

## II.

The defendant objects to the Magistrate Judge's recommendation that the ALJ's decision that the plaintiff was not disabled under the Social Security Act prior to November 11, 2004 should be affirmed. The issue in this case is the date on which plaintiff became disabled, not whether the plaintiff is entitled to disability benefits. Plaintiff argues that the correct date is August 1, 2003.

**The plaintiff has four specific objections to the Magistrate Judge's recommendations and findings to which there has been no response from defendant. First, plaintiff objects to the Magistrate Judge's finding that Dr. Evans' opinion should not be given deference.**

**Second, plaintiff argues that while it is the Commissioner's function to resolve conflicts in the medical evidence, there is no conflict or ambiguity in Dr. Bailey's opinion.**

**Plaintiff's third objection is that Dr. Murtaugh's limitations are valid based on his clinical observations and medical facts and that the additional limitations were imposed as a result of plaintiff's obesity.**

**In his fourth objection, plaintiff states that, when taken as a whole, his testimony supports the doctors' opinions and the doctors' opinions support the plaintiff's testimony; therefore, the record as a whole supports plaintiff's claim for disability as of the alleged onset date of August 1, 2003.**

**III.**

Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner's findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have been adequately addressed and properly disposed of by the Judge and present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case.

Accordingly, the Court **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** the Report and Recommendation of the United States Magistrate Judge and the final decision of the Commissioner is hereby **AFFIRMED**.

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                                                                  s/Herman J. Weber  
                                              **Herman J. Weber, Senior Judge**  
                                                 **United States District Court**